

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Criminal Division*

---

970 Broad Street, Suite 700
Newark, New Jersey 07102

general number: (973) 645-2700
telephone: (973) 645-2824
fax: (973) 297-2094
e-mail: joseph.mack@usdoj.gov

JM/PL AGR
2015R00282

July 25, 2016

Aidan P. O'Connor
Pashman Stein P.C.
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

*Cr. 16-442 (ES)*

Re:  Plea Agreement with Mario Winans

Dear Mr. O'Connor:

This letter sets forth the plea agreement between your client, Mario Winans, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement is contingent upon approval by the Department of Justice, Tax Division. This plea agreement shall expire if it is not executed and returned by August 31, 2016.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Mario Winans to Counts One and Three of a five-count information, which charges Mario Winans with failing to file an individual income tax return for calendar years 2008, 2009, 2010, 2011, and 2012, in violation of 26 U.S.C. § 7203. If Mario Winans enters a guilty plea for failing to file an individual income tax return for calendar years 2008 and 2010 and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this

1

Office will not initiate any further criminal charges against Mario Winans for failing to file individual income tax returns for 2008, 2009, 2010, 2011, and 2012; (1) provided that Mario Winans admits under oath at the time of his guilty plea to failing to file individual income tax returns for calendar years 2009, 2011, and 2012; and (2) further provided that this conduct is taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Mario Winans may be commenced against him, notwithstanding the expiration of the limitations period after Mario Winans signs the agreement.

Sentencing

The two violations of 26 U.S.C. § 7203 to which Mario Winans agrees to plead guilty each carry a statutory maximum prison sentence of 1 year, and a statutory maximum fine equal to the greatest of: (1) $100,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Mario Winans is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Mario Winans ultimately will receive.

Further, in addition to imposing any other penalty on Mario Winans, the sentencing judge: (1) will order Mario Winans to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Mario Winans, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (3) may order Mario Winans to pay the costs of prosecution; and (4) pursuant to 18 U.S.C. § 3583, may require Mario Winans to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Mario Winans be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Mario Winans may be sentenced to not more than 1 year of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Mario Winans agrees to pay restitution to the Internal Revenue Service in the amount of:

(1) $241,828 for calendar year 2008;
(2) $53,040 for calendar year 2009;
(3) $38,841 for calendar year 2010;
(4) $23,126 for calendar year 2011; and
(5) $78,133 for calendar year 2012.

The restitution amount shall be paid according to a plan established by the Court. If the Court orders Mario Winans to pay restitution to the Internal Revenue Service for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the Internal Revenue Service will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). Neither the existence of a restitution payment schedule nor Mario Winans's timely payment of restitution according to that schedule will preclude the Internal Revenue Service from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Mario Winans by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Mario Winans's activities and relevant conduct with respect to this case.

Stipulations

This Office and Mario Winans agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Mario Winans from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Mario Winans waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Mario Winans understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Mario Winans understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Mario Winans wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Mario Winans understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Mario Winans waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mario Winans. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Mario Winans.

No provision of this agreement shall preclude Mario Winans from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Mario Winans received constitutionally ineffective assistance of counsel.

Prior to the date of sentencing, Mario Winans shall: (1) file accurate personal tax returns for calendar years 2008, 2009, 2010, 2011, and 2012 or enter into a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment ("Form 870"); (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Mario Winans agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Mario Winans. With respect to disclosure of the criminal files to the Internal Revenue Service, Mario Winans waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Mario Winans's tax returns and return information.

## No Other Promises

This agreement constitutes the plea agreement between Mario Winans and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: JOSEPH MACK
Assistant U.S. Attorney

APPROVED:

Jacob T. Elberg
Unit Chief, Health Care and Government Fraud

I have received this letter from my attorney, Aidan P. O'Connor, and I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 9.5.16
Mario Winans

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: September 5, 2016
Aidan P. O'Connor, Esq.

8

## Plea Agreement With Mario Winans

### Schedule A

1. This Office and Mario Winans agree to stipulate to the following fact: the tax loss in this case is $434,968.

2. In exchange for the undertakings made by the government and the defendant in entering this plea agreement, if the sentencing judge accepts this stipulation, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. Notwithstanding this waiver provision, the parties reserve any right they may have under 18 U.S.C. § 3742 to challenge any aspect of the sentence that falls outside of any applicable statutory minimum or maximum term of imprisonment, term of supervised release, or fine. The parties also reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.